UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
FARRAH GILOT,

                Plaintiff,

    - against -

DEPARTMENT OF SOCIAL SERVICES;
ANGELA M. GRAY,

                Defendants.[1]
---------------------------------------------------------x

**TRANSFER ORDER**
26-CV-0260 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Farrah Gilot filed this action pursuant to 28 U.S.C. § 1331 against Defendants Department of Social Services in Canandaigua, New York, and Angela M. Gray. (*See* Compl., Dkt. 1, at ECF[2] 1–2.) With few details, Plaintiff seems in part to allege that Defendants failed to address a violation of her civil rights. (*See id.* at ECF 4–5, 7–8.) Plaintiff seeks "answers," or, in the alternative, monetary relief.[3] (*Id.* at ECF 5–8.) In discussing what relief she seeks, Plaintiff also mentions "a later court proceeding against the Ontario sheriff." (Compl., Dkt. 1, at ECF 6.) For the reasons discussed below, the action is transferred to the United States District Court for the Western District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

---

[1] The Clerk of Court is directed to amend the case caption to add Angela M. Gray as a defendant.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[3] The Court believes that Plaintiff might be referring to one of Gilot's other cases filed in this district that the Court recently transferred to the Western District of New York. *See Gilot v. Ontario Sheriff*, No. 6:26-CV-06051 (MAV) (W.D.N.Y. Jan. 13, 2026).

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see, e.g.*, *Covial v. Francillion*, No. 24-CV-3125, 2024 WL 2722142, at *1 (E.D.N.Y. May 28, 2024). Here, all Defendants are located in Canandaigua, New York, in Ontario County, (*see* Compl., Dkt. 1, at ECF 1–2), and the events giving rise to this action appear to have occurred there, outside this District, (*see id.* at ECF 7–8). Accordingly, the Court finds that transfer of this action is appropriate.

## CONCLUSION

For the reasons stated above, the Clerk of Court is hereby directed to transfer this action to the United States District Court for the Western District of New York. *See* 28 U.S.C. §§ 1391(b), 1404(a). No summons shall issue from this Court. A decision on Plaintiff's request to proceed *in forma pauperis*, (Dkt. 2), is reserved for the transferee court. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay, is waived.

This Order closes this action in this Court.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: January 29, 2026
       Brooklyn, New York

2